[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action asserting that the valuation of its property for tax purposes was grossly excessive, disproportionate and unlawful. The defendant has pleaded, as special defense, that (1) the assessment on the subject property was a subject of a previous appeal in which a stipulated judgment was entered which operates as res adjudicata or collateral estoppel; (2) that the plaintiff was not the owner who appealed the assessment and therefore cannot prosecute the present tax appeal.
The plaintiff has moved to strike the First Special Defense on the grounds that the stipulated judgment cannot operate as res adjudicata or collateral estoppel because the plaintiff was not privy to the tax appeal and had no right to produce testimony or cross-examine witnesses therein. Various statements are made in the brief concerning the prior ownership of the property, but those claims are not set forth in the pleadings and the ownership aspects of the allegations have been denied by the City of Stamford. The claims asserted by the City in the First Special Defense has some apparent substance. See, Ralston Purina Co. v. Board of Tax Review, 203 Conn. 425 (1987); Uniroyal Inc. v. Board of Tax Review,182 Conn. 619 (1980). There is insufficient factual basis for the court to determine that Special Defense asserted by the defendant is inapplicable to the claims made by the plaintiff.
With respect to the Special Defense, no factual basis upon which the court can conclude, that it is inapplicable to the situation before the court.
Accordingly, the Motion to Strike the Special Defenses filed by the defendant is denied. CT Page 5196
RUSH, JUDGE